UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID W. COLLINS,

    PLAINTIFF,

V.

AETNA LIFE INSURANCE COMPANY
AND PRUDENTIAL INSURANCE
COMPANY OF AMERICA

    DEFENDANTS.

CIVIL NO. 3:19-cv-1848

NOVEMBER 19, 2019

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441, *et seq.*, defendants Aetna Life Insurance Company ("Aetna") and Prudential Insurance Company of America ("Prudential;" collectively with Aetna "Defendants"), through their undersigned counsel, hereby give notice of their removal of the action styled as *Collins v. Aetna Life Insurance Company, et al.* ("State Court Action") from the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, to the United States District Court for the District of Connecticut. In support of this Notice of Removal, Defendants state as follows:

**I.   GROUNDS FOR REMOVAL**

    1.    Plaintiff claims entitlement to benefits under an employer-sponsored benefit plan. Compl., ¶ 3 (a true and accurate copy of the summons and complaint served upon Defendants in the State Court Action is attached hereto as Exhibit A). The benefit at issue was insured by Prudential through a group insurance policy issued by Prudential to Joseph A. Santone's employer ("Policy"). *Id.* No individual policy was issued by Prudential to Satone. The group

20007575-v1

insurance policy was then transferred to Aetna in or around 2017. Compl., ¶ 5. The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), governs claims, such as Plaintiff's, under the Policy.

2. Because Plaintiff seeks to recover benefits under the Policy, his claim "falls directly under § 502 (a) (1) (B) of ERISA [29 U.S.C. § 1132 (a) (1) (B)], which provides an exclusive federal cause of action for resolution of such disputes." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The Supreme Court held in *Taylor* that "this suit, though it purports to raise only state law claims, is necessarily federal in character[.] … It, therefore, 'arise[s] under the … laws … of the United States,' 28 U.S.C. § 1331, and is removable to the federal court by the defendants, 28 U.S.C. § 1441 (b)." 481 U.S. at 67; see also *Midpoint Serv. Provider, Inc. v. Cigna*, 256 F.3d 81, 83 (2d Cir. 2001) ("when a claim asserted in state court is preempted by the civil enforcement provisions of ERISA, removal is allowed on the basis of federal question jurisdiction").

3. Pursuant to 28 U.S.C. § 1441 (a), any civil action over which the district court has original jurisdiction founded on a claim or right arising under the laws of the United States shall be removable without regard to the citizenship of the parties.

4. The United States District Court for the District of Connecticut includes the place where the State Court Action was commenced.

5. Accordingly, and as Plaintiff's claim in the State Court Action arises under the laws of the United States, this Court has original jurisdiction over the State Court Action pursuant to 29 U.S.C. § 1132 (a) (1) (B) and 28 U.S.C. § 1331, and it is an action which may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II.     REMOVAL IS TIMELY

6. 28 U.S.C. § 1446 establishes the time frames and procedure to properly effectuate removal.

7. In particular, 28 U.S.C. § 1446 (b) (1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

8. Aetna's statutory agent for service of process, CT Corporation System, was served with Plaintiff's complaint on October 21, 2019.  See Return of Service, attached hereto as Exhibit B.

9. Prudential's statutory agent for service of process, CT Corporation System, was served with Plaintiff's complaint on October 21, 2019.  Ex. B.

10. Less than thirty days have elapsed since Defendants received the complaint. This Notice of Removal has, therefore, been timely filed.

## III.    ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED

11. 28 U.S.C. § 1446 (a) requires defendants seeking to remove a civil action to file "a copy of all process, pleadings, and orders served upon such ... defendants in such action." Copies of all process and pleadings served upon Defendants are attached hereto as Exhibits A and B.

12. All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446 (d), as evidenced by the attached Certificate of Service and by Notice to Parties of Removal directed to Plaintiff, which certificate

will be promptly filed in the State Court Action. A copy of the Notice to Parties of Removal is attached hereto as Exhibit C.

13.    Pursuant to 28 U.S.C. § 1446 (d), Defendants will promptly notify the State Court of the filing of this Notice.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, Aetna Life Insurance Company and Prudential Insurance Company of America hereby remove to this Court the above-referenced action from the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport to this Honorable Court.

Respectfully Submitted,

**DEFENDANT,
AETNA LIFE INSURANCE COMPANY**

By  */s/ Theodore J. Tucci*
Theodore J. Tucci (ct05249)
Melanie Dykas (ct29556)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
Email: ttucci@rc.com
Email: mdykas@rc.com

Respectfully Submitted,

**DEFENDANT,
PRUDENTIAL INSURANCE
COMPANY OF AMERICA**

By  */s/ James C. Goodfellow, Jr.*
James C. Goodfellow, Jr. (ct427596)
Seyfarth Shaw LLP
233 S. Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Tel. No.: (312) 460-5000
Fax No.: (312) 460-7000
Email: jgoodfellow@seyfarth.com

## CERTIFICATION

I hereby certify that on this 19th day of November, 2019, I filed the within Notice of Removal by CM/ECF, and served a copy of the same by U.S. mail, postage prepaid, upon the following:

Allan M. Cane, Esq.
325 Reef Road
Suite 212
Fairfield, Connecticut 06824
*Counsel for Plaintiff, David W. Collins*

James C. Goodfellow, Jr.
Seyfarth Shaw LLP
233 S. Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
*Counsel for Defendant, Prudential Insurance Company of America*

                                                            /s/ *Theodore J. Tucci*
                                                            Theodore J. Tucci